UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 22-cv-61284-RKA
CASE NO. 1:22-cv-23035

STRIKE 3 HOLDINGS, LLC, a limited
liability company

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address
75.74.254.230,

        Defendant.

_____/

## OMNIBUS MOTION TO DISMISS COMPLAINT WITH MOTION TO QUASH NON-PARTY SUBPOENAS OR ENTER PROTECTIVE ORDER

COMES NOW the Defendant, "JOHN DOE," identified by the Plaintiff only as the account holder for Internet service assigned IP address 75.74.254.230, by and through his undersigned counsel and moves this Honorable Court, pursuant to Rules 12(b), 26(b), 26(c), and/or 45(d)(3) of the Federal Rules of Civil Procedure, to dismiss the Plaintiff's Complaint and quash the subpoena seeking John Doe's private information from his Internet Service Provider, or issue a protective order protecting same, and as grounds therefore states as follows:

1. On July 11, 2022 the Plaintiff filed the instant case, which is one of hundreds of similar cases filed against anonymous Internet service account holders for the alleged downloading of STRIKE 3 HOLDINGS' films (DE 1).

2. Since then, the Plaintiff filed various Amended Complaints with the latest Amended Complaint at the present time being filed on October 12, 2022 (DE 7, DE 11, DE 16, DE 19, and DE 23).

3.     On October 7, 2022 the Court granted leave to serve a third-party subpoena on the Internet Service Provider that services the account identified by IP address 75.74.254.230 to identify the person or entity listed in the Complaint as "John Doe" who subscribes to that Internet service account (DE 22).

## I. The Plaintiff's Complaint for copyright infringement should be dismissed.

STRIKE 3 HOLDINGS' Complaint should be dismissed because it fails to state a claim to relief that is plausible on its face. This Court does not have personal jurisdiction over John Doe as the Complaint only contains the Defendant's IP address, and there is no way to determine through discovery that John Doe actually infringed on the Plaintiff's copyrights because of the multiple people who reside at the location of John Doe's residence, visitors, and even neighbors connected to the Internet under John Doe's Internet service account all share the same IP address. According to the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must be more than just a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Id.* at 570). A claim is plausible on its face when it pleads enough in terms of facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To establish a prima facie case for copyright infringement, a plaintiff must show (1) that [it] owns a valid copyright and (2) that the defendant copied constituent elements of the copyrighted work that are original. *Pronman v. Styles*, 645 Fed. Appx. 870 (11th Cir. 2016); *Calhoun v. Lillenas* Publ'g, *298* F.3d 1228, 1232 (11th Cir.2002).

Similar to the other hundreds of cases filed by STRIKE 3 HOLDINGS and other pornography companies across the country, the entire case is based on the allegations that the Defendant used Bit Torrent to download the Plaintiff's films and the Plaintiff supposedly has data on the Defendant's location, which can only identify an IP address, which identifies an Internet service account, not an individual. Furthermore, there are four unrelated individuals who reside at this particular location of the Internet service account who would be assigned the *same* IP address of 75.74.254.230 when using the Internet on their own personal devices. Based on these facts and circumstances, it would be impossible for the Plaintiff to identify who, if anyone, actually infringed STRIKE 3 HOLDINGS' copyrights.

Even if the Plaintiff did identify an individual, and not an entire Internet service account and everyone who may have accessed it, the Plaintiff's would be unreliable, and inadmissible because it is misleading and highly prejudicial to the Defendant. The Plaintiff, in its Complaint, relies on geolocation data from a company called Maxmind, Inc., which has a history of falsely linking IP addresses to the wrong individuals or accounts. See *Arnold v. MaxMind, Inc.*, 216 F. Supp. 3d 1275 (D. Kan. 2016). It would be improper for the Court to rely on unreliable data from a questionable source to support the Plaintiff's cause of action, especially when it is the only possible evidence the Plaintiff has. Furthermore, in its Complaint, the Plaintiff provides no explanation of how MaxMind and/or any of its employees supposedly traced the Defendant's IP address to this district, and the Plaintiff does not state anywhere in its Complaint when the supposed copyright infringement occurred. Without this data and information, the Plaintiff has no evidence at all that the Defendant "John Doe" infringed the Plaintiff's copyrights in the instant case and therefore the Plaintiff has no cause of action.

Numerous courts across the country have held that similar cases against IP subscribers only identified by an IP address fail to state a cause of action. The Court in *In Re: BitTorrent Adult Film Copyright Infringement Cases*, "The assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous." *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80 (E.D.N.Y. 2012).

It is increasingly difficult to identify an individual Internet user by IP address due to the popularity of wireless routers, which means that different residents, visitors, or even neighbors could have performed the alleged downloads involved in the instant case and in similar cases, while using the very same IP address as the other innocent Internet users under the same Internet service account. One court found that as many as 30% of the names turned over by Internet Service Providers are not those of individuals who actually downloaded or shared copyrighted material." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012). As a result, this Court does not have personal jurisdiction over the defendant because the individual, if any, who actually infringed on the Plaintiff's copyrights is unknown and cannot be determined through discovery.

The instant case should be dismissed and the/or the subpoena of a third-party should be quashed, or a protective order should be entered to save John Doe the undue burden of having his/her private information released in conjunction with a case that cannot possibly identify an individual who actually infringed the Plaintiff's copyrights. As the Plaintiff's use of Maxmind's geolocation is unreliable and inadmissible, all references to and reliance on same should be stricken, pursuant to Rule 12(f) as being immaterial, impertinent, or scandalous. Even if Maxmind's data is correct, the Plaintiff could only identify an Internet service account, not an

4

individual. Furthermore, there are several unrelated individuals who reside at the location of the Internet service account, and any visitor or even neighbor who could be using Internet under said Internet service account, would be assigned the *same* IP address of 75.74.254.230 when using the Internet on their own personal devices. Based on these facts and circumstances, it would be impossible for the Plaintiff to identify who, if anyone, actually infringed STRIKE 3 HOLDINGS' copyrights. As STRIKE 3 HOLDINGS' entire case is based on this unreliable data, with these allegations removed, the Plaintiff has no factual allegation against John Doe, and therefore no case against him, which should result in a dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. The third-party subpoena to the Defendant's Internet Services Provider should be quashed, or in the alternative, the Court should enter a protective order protecting the Defendant's First Amendment right to anonymity.

The third-party subpoena to the Defendant's Internet Services Provider should be quashed because it would unduly prejudice the Defendant and violate the Defendant's expectation of privacy based only on the Plaintiff's Complaint, which fails to show a concrete prima facie claim of actionable harm, and the Plaintiff's alleged claim against Defendant John Doe, IP address 75.74.254.230, cannot advance even with the subpoenaed information. Where a Plaintiff seeks to ascertain the identity of John Doe defendants in Internet copyright infringement cases, courts often apply the "good cause" test. *Strike 3 Holdings, LLC v. Doe*, 1:18-CV-12585-NLH-JS, 2020 WL 3567282 (D.N.J. June 30, 2020); *Modern Woman, LLC v. Does I–X*, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013). "Good cause exists where the 'need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Strike 3 Holdings, LLC v. Doe*, 1:18-CV-12585-NLH-JS, 2020 WL

3567282 (D.N.J. June 30, 2020) (citing *Malibu Media, LLC v. John Doe*, No. 16-cv-942 (KM/MAH), 2016 WL 952340, *1 (D.N.J. Mar. 14, 2016)).

Even if the Court determines that good cause exists to allow a third-party subpoena to ascertain the identity of the John Doe defendant, courts have ruled that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, *unless* it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980). In the instant case where the Plaintiff only pleads that a device with a certain IP address infringed its copyrights, it is clear that discovery could not uncover the identity of the individual, if any, who actually downloaded content and infringed on the Plaintiff's copyrights because, as previously stated, this same IP address is shared by anyone on any device using the Internet under this Internet service account, not just the account holder.

In another case involving the same Plaintiff as here, STRIKE 3 HOLDINGS, LLC, where the Plaintiff requested expedited discovery including the subpoena of a third-party Internet Service Provider, the Court denied said motion and held that "allowing expedited discovery in these circumstances creates a risk that Strike 3 will be in a position to effectively coerce the identified subscribers into paying thousands of dollars to settle claims that may or may not have merit, so as to avoid either the cost of litigation or the embarrassment of being sued for using unlawful means to view adult material." *Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 18 (E.D.N.Y. 2019). In weighing the defendant's First Amendment interest in anonymity against the need for disclosure of the defendant's name and address in copyright infringement cases, courts have utilized "a five factor balancing test, which evaluates: '(1) the concreteness of the plaintiffs showing of a prima facie claim of actionable harm; (2) the specificity of the discovery request;

6

(3) the absence of alternative means to obtain the subpoenaed information; (4) the need for the subpoenaed information to advance the claim; and (5) the objecting party's expectation of privacy.'" *Malibu Media, LLC v. John Does 1-11*, 12 CIV. 3810 ER, 2013 WL 3732839 (S.D.N.Y. July 16, 2013) (citing *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185 (S.D.N.Y. 2012)).

 First, the Plaintiff has not shown a concrete prima facie case for copyright infringement. The Plaintiff's Complaint uses unreliable and questionable geolocation data to purport that the listed IP address is located within the District. Although the subpoena in the instant case is limited to only the Defendant's name and address, and disclosure might be the easiest means to obtain the subpoenaed information, the Plaintiff does not need the subpoenaed information because even with the information the Plaintiff cannot state a claim against the individual Internet service account holder in the instant case. Furthermore, the Defendant's expectation of privacy would be greatly impacted by the subpoenaed information, which strips him of his First Amendment interest in anonymity based on the Plaintiff's Complaint, which fails to state a cause of action account the Internet service account holder.

 As the Plaintiff's use Maxmind's geolocation is unreliable and inadmissible, all references to and reliance on same should be stricken, pursuant to Rule 12(f) as being immaterial, impertinent, or scandalous. As STRIKE 3 HOLDINGS' entire case is based on this unreliable data, with these allegations removed, the Plaintiff has no factual allegation against John Doe and therefore no case, which should result in a dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, the granting of early discovery through a subpoena of a third-party Internet Service Provider allowing STRIKE 3 HOLDINGS to obtain John Doe's identity as the Internet service account holder, is certain to

result in a blatant violation of John Doe's First Amendment right to privacy and potentially result in STRIKE 3 HOLDINGS encouraging John Doe to pay settlement fees, when there is no evidence that John Doe actually infringed on the Plaintiff's copyrights.

Therefore, the granting of early discovery through a subpoena of a third-party Internet Service Provider allowing STRIKE 3 HOLDINGS to obtain John Doe's identity from this inappropriately obtained IP address, is certain to result in a blatant violation of John Doe's First Amendment right to privacy and potentially result in STRIKE 3 HOLDINGS encouraging John Doe to pay settlement fees, when there is no evidence that John Doe actually infringed on the Plaintiff's copyrights. Furthermore, as dismissal is imminent, the outstanding subpoena seeking John Doe's information must be quashed.  Should the case not be dismissed, considering the impropriety of STRIKE 3 HOLDINGS' supposed claim especially given the shameful nature of the Plaintiff's pornography at issue, a protective order is proper to protect Defendant from the annoyance, embarrassment, oppression, and undue burden and which would forbid the disclosure of his/her private information to the Plaintiff.

## Conclusion

STRIKE 3 HOLDINGS, in its Complaint, has failed to state a claim to relief that is plausible on its face. First, as an IP address is not a person, this Court does not have personal jurisdiction over John Doe, and there is no way to determine through discovery that John Doe actually infringed the Plaintiff's copyrights because the multiple people who reside at John Doe's location, visitors, and even neighbors connected to the Internet under John Doe's Internet service account all share the same IP address. Moreover, as the IP address in question was obtained by Maxmind Inc., which has a history of falsely connecting IP addresses to the wrong location and Internet service account, and being that it is STRIKE 3 HOLDINGS' only evidence

against John Doe and the entire evidence on which the instant subpoena was allowed, the order granting early discovery through the issuance of a non-party subpoena to John Doe's Internet Service Provider should be quashed and the case dismissed, or, in the alternative, the Court should enter a protective order to protect John Doe's First Amendment right to anonymity.

WHEREFORE, for the foregoing reasons, Defendant, "JOHN DOE," identified by the Plaintiff only as the account holder for Internet service assigned IP address 75.74.254.230, respectfully requests that this Honorable Court enter an Order:

    A.    GRANTING the Motion herein;

    B.    DISMISSING the instant case, or, in the alternative, requiring the Plaintiff to show cause why the case should not be dismissed;

    C.    QUASHING the outstanding subpoena seeking John Doe's identity, or, in the alternative, issuing a protective order protecting same;

    D.    VACATING this Court's Order granting Plaintiff leave to serve third-party subpoenas; and

    E.    Any other relief as is just and proper.

ANTHONY J. SCREMIN, Esq. hereby files, this Omnibus Motion to Dismiss Complaint with Motion to Quash Non-Party Subpoenas or Enter Protective Order as counsel on behalf of the defendant, JOHN DOE, Internet service account holder assigned IP address 75.74.254.230.

SCREMIN LAW
Attorneys for Defendant
7955 Coral Way
Miami, Florida  33155
Tel: (305) 576-8880
Fax (305) 573-2313
Primary Email:  Screminlaw@gmail.com
Alt Email: ajscreminpa@gmail.com
By: /s/ *ANTHONY J. SCREMIN*
ANTHONY J. SCREMIN
FBN 112874
By: /s/ *ANTHONY J. SCREMIN, III*
ANTHONY J. SCREMIN, III
FBN 1010862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Omnibus Motion to Dismiss Complaint with Motion to Quash Non-Party Subpoenas or Enter Protective Order was electronically filed with the Clerk of Court via CM/ECF.  I also certify that the foregoing Notice was served electronically this day on all counsel of record via Notice of Electronic Filing generated by CM/ECF and  a copy of same with proof of filing was sent via fax to Comcast, Legal Response Center, at (866)947-5587 per their instructions, on October 26, 2022.

By: /s/ *ANTHONY J. SCREMIN*
ANTHONY J. SCREMIN
FBN 112874
By: /s/ *ANTHONY J. SCREMIN, III*
ANTHONY J. SCREMIN, III
FBN 1010862